THE CINCINNATI & SUBURBAN BELL TELEPHONE CO. *v*. CITY OF CINCINNATI ET AL.

(Decided February 17, 1930.)

*Mr. J. W. Heintzman* and *Messrs. Frost & Jacobs,* for plaintiff.

*Mr. John D. Ellis,* city solicitor, and *Mr. Edward F. Alexander,* for defendants City of Cincinnati and others.

*Messrs. Taft, Stettinius & Hollister,* for defendant Cincinnati Street Railway Company.

HAMILTON, J. These two cases are consolidated and are here on appeal.

The plaintiff seeks an injunction against the defendants, restraining them from proceeding with the street improvement of Delta avenue, in the city of Cincinnati, in a manner whereby the tracks, rails and other appliances of the defendant Cincinnati Street Railway Company will be placed over, above, or upon the conduit system of the plaintiff, which is underground on the east side of Delta avenue.

The record discloses that the city of Cincinnati has taken all the necessary preliminary steps, and is preparing to improve Delta avenue from Linwood road north to Erie avenue, a distance of 3,422 feet. The improvement is the macadamizing of the street from curb to curb, and the plans require the relaying of the street car tracks along the street at a distance of 10.39 feet from the curb. The street car tracks at the present time are in the center of the roadway, with the exception of a small distance at the northern terminus.

The plaintiff in 1906 built conduits in the street in question, after having complied with all the necessary legal requirements and obtained a permit therefor from the city. Under the direction of the city, through its inspector, the conduits were laid between Linwood road and Erie avenue on the east side thereof. The street in question has a width of 80 feet, from property line to property line, with a roadway width of 55 feet from curb to curb. The conduit in question is composed of eight clay pipes, laid two wide and four high. It was built 26 inches under the ground, with three inches of concrete on the top and the bottom, and connected with

concrete, making it a solid mass. The conduit has cables running through it, with about 15,000 pairs of wire running through them. There is a manhole at each square, provided for the purpose of making repairs when needed.

Under the proposed plans for the improvement of the street by the city, it is provided that the east rail of the car track on the east side of the street is to be laid 10.39 feet from the curb, which places the rail directly over the top of the conduits.

It is claimed that the placing of the car track over the top of the conduits would in effect crush the conduits, and destroy the use of the manholes, and would require the moving of the conduits, at an expense of over $30,000, less salvage, together with the interruption of service.

The first contention of the plaintiff is that it has a property right in the location of its conduits, which under the Constitution of the state may not be interfered with without due compensation.

The second contention is that the placing of the car track on top of the conduits is arbitrary, unnecessary, and an abuse of the exercise of the police power by the city.

The defendant challenges the proposition that the plaintiff has a property right in the location of the conduits, and argues that the placing of the car track, as provided in the plans, over the conduits, is a justifiable exercise of the police power, and that, in view of the benefits to be derived therefrom, the so placing of the tracks is well within the rights of the city under its police power.

Many cases are cited by counsel for both parties in support of their respective claims. Without ana-

lyzing the cases, which would make an extended memorandum, will say that in our opinion the plaintiff does not possess any property right in the location of the conduits. This view is well supported by the cases of *Queen City Telephone Co.* v. *City of Cincinnati,* 73 Ohio St., 64, 76 N. E., 392, *Lake Shore & Michigan Southern Ry. Co.* v. *City of Elyria,* 69 Ohio St., 414, 69 N. E., 738, and *Cincinnati Inclined Plane Ry. Co.* v. *Suburban Telegraph Assn.,* 48 Ohio St., 390, 27 N. E., 890, 12 L. R. A., 534, 29 Am. St. Rep., 559. See, also, *Ohio Bell Telephone Co.* v. *Watson Co.,* 112 Ohio St., 385, 147 N. E., 907, and cases therein cited, and Elliott on Roads and Streets, (4th Ed.), paragraph 1066.

While the location of the conduits is not property, the conduits as constructed do constitute property of the plaintiff. The evidence is that the removal of the conduits would result in their destruction, save some cable salvage. The evidence further is that, to place the car track over and upon the conduits, as provided in the plan of improvement, would result in crushing them. The necessary legislative authority having authorized and directed the laying of the conduits, as to the location, the plaintiff is entitled to the right of protection to its property as against unreasonable, unnecessary, and unwarranted acts of the city under the exercise of its police power, resulting in the destruction of the conduits.

The question then is: Is the city arbitrary in the exercise of its police power in making the improvement and interfering with the maintenance of the plaintiff's conduits as now located? This is purely a question to be determined from all of the facts in the case.

There has been a great deal of expert testimony offered in the case on the question, which has been carefully considered by the court. That the improvement of the street by paving is not interfered with by the conduits is clear; nor would the conduits be interfered with by the improvement were it not for the placing of the street car rail and its support over and upon the conduits.

It appears that the roadway from curb to curb is 55 feet. The plan, as heretofore stated, is to place the rail next to the curb on either side at a distance of 10.39 feet from the curb. The distance between the rails of the street railway is 5.21 feet. These measurements would leave a traveled roadway of 23.80 feet in the center of the street between the car tracks. It is in the evidence that the top of the car tracks is to be level with the surface of the improved street.

The claim of the defendants is that the placing of the car tracks at the side is for the purpose of facilitating and speeding up traffic, and for safety to passengers getting on and off the street cars.

Considering these propositions, as applied to the situation, it would seem that the east car track, on the east side of the street, could be placed two or two and one-half feet farther out from the curb without in any way interfering with the travel. By doing so, the middle driveway between the street car tracks would be reduced to approximately 21 feet, which would leave more than ample room for two lanes of traffic, notwithstanding the width of the lanes would be somewhat lessened by the overhang of the cars. The fact that the top of the rail is level with the surface of the street would eliminate any danger of rail

trouble to vehicles. It will be borne in mind that the entire width of the street is improved and open to vehicular travel. So placing the track would not interfere with the passing of street cars on the left, thereby eliminating the necessity of stopping behind street cars while taking on or discharging passengers. While it would require the passenger to take a short step farther in going to the curb or going from the curb to the car, we are unable to see how this would in any way affect the safety of the passengers. In other words, the only objection conceivable to the placing of the east car track a short distance toward the center, pulling it off of the conduits, is that it would not be uniform with the location of the west track in its relation to the curb. This situation, however, appeals more to the esthetic than the practical side.

A like situation arose within the past two years upon the improvement of the lower part of Delta avenue from Linwood road south, when that street was improved by macadamizing. A similar improvement was designed for the lower end of Delta avenue, and the plaintiff company made the same objection then to placing the car tracks at the side that it is making now. It has conduits located at the lower end, just as it has at the end in question here. At that time the city changed its plan and put the car tracks in the center of the street. It did so owing to the objection made by the Bell Telephone Company, and for the purpose, as testified, of avoiding delay in the improvement of the street by legal action. This situation argues against the necessity for placing the car tracks along the sides of the street on the upper end of Delta avenue. It also

argues against the proposition of nonuniformity of distance between the car tracks on either side, since the tracks in the street for the full length of Delta avenue would not be uniform, the lower end already having the tracks in the center of the street, and the upper end on the sides. So that the difference of some two or two and one-half feet between the curb and the track on the east and west sides could not offend under all the circumstances.

Enough has been said to show that the action of the defendant in placing its east rail immediately over the conduits of the plaintiff company, thereby causing the plaintiff company great and unnecessary damage and expense is an exercise of the police power in an arbitrary, unreasonable, and unwarranted manner.

A decree may be taken granting a perpetual injunction against the defendants, enjoining them from proceeding to place the tracks of the defendant, the Cincinnati Street Railway Company, over, above, or upon said conduit system on the east side of Delta avenue, in the making of the improvement in question.

*Perpetual injunction allowed.*

CUSHING, P. J., and Ross, J., concur.