By the Court
 

 (Kinkade, J.).
 

 About thirty years ago the city of Cincinnati authorized a street car company to construct street car tracks along the center line of one of its streets. That street car line in that position has been continuously operated ever since.
 

 
 *175
 
 About twenty years ago the city authorized a telephone company to construct an underground system of conduits, cables, and manholes along one side of the same street, as a part of a telephone system serving the whole city. This system of underground cable lines has been in continuous use ever since.
 

 The city now orders the street car company to remove its tracks from the center of the street and locate one track on each side of the street, on a line designated by the city. The street car company has assented to this order of the city. The line designated by the city for one of the tracks will cause that track to be placed directly over the underground telephone conduits, cables, and manholes of the telephone company.
 

 The city has notified the telephone company of its intention to relocate the street car tracks, but has not ordered the telephone company to remove its conduits and cables to another location.
 

 It is conceded by all counsel in this court that it is not possible to maintain and operate the telephone conduits, cables, and manholes directly under the street car tracks, for the reason, among others, that the vibration caused by the operation of the street cars will very soon completely destroy the telephone cables, which contain thousands of wires.
 

 It is conceded by all that the net cost of removing the telephone cables and conduits to another location will be about $19,000.
 

 The telephone company does not refuse to remove its lines, but does insist that if removal be made the telephone company must be reimbursed the cost of so doing.
 

 The street car company is willing to relocate its
 
 *176
 
 tracks at its own expense, but insists that no duty exists which calls upon the street car company to reimburse the telephone company.
 

 The city declines to reimburse the telephone company for the reason, as claimed by the city, that the telephone company must be held to have placed its property in the street, although laid in concrete and underground, subject to any changes in the use of the street which the city might thereafter make.
 

 The telephone company insists that its conduits, cables, and manholes are in no sense an obstruction to the use of the street by the public for travel, nor are its telephone lines in any manner an obstruction to any use of the street sought to be made by the city in the laying of water or gas mains, or any similar underground improvements, and that the city has no power to order the relocating of the street car tracks so as to completely destroy the telephone lines unless the telephone company consents to remove its property at its own expense.
 

 The trial court issued an injunction against the city and the street car company, restraining the relocating of the tracks as contemplated. The Court of Appeals (36 Ohio App., 251, 173 N. E., 45), on appeal, rendered a like judgment.
 

 The city made no reservations in its original grant to the telephone company except to require the telephone company at its own expense to adjust any interference which its construction encountered with other underground gas or water lines, and the city agreed, in the franchise granted to the telephone company, that it would not disturb the construction of the telephone company any further than was rea
 
 *177
 
 sonably necessary in laying gas or water mains in the street in the future.
 

 It is agreed that the cost of constructing these conduits, cables, and manholes, as they are now in place, was, in round figures, about $30,000. Every feature of the construction indicates its permanent character. One of the main purposes in putting these cables underground is to locate them so they will in no way obstruct the use of the street for travel by the public, and will in no wise interfere’ with the keeping of the street in a complete state of repair by repaving or otherwise. Another purpose is to so locate the telephone lines as that they will not be put out of commission by storms, and thereby inconvenience thousands of people who use the telephones. To move a system of telephone cables such as this to a different location will inevitably entail upon the public in general a very serious interruption and inconvenience in telephone service.
 

 Manifestly both the city and the telephone company intended this improvement, when made, to be permanent in character, for very obvious reasons. If the city has now determined that the advantage which will accrue to the city by having the street car tracks on the sides of the street instead of in the center justifies the order for their relocation, then no sound reason is apparent why the city should not make good the loss which will be suffered by another public utility company by reason of such an order by the city.
 

 The cases cited, holding that representatives of the city may not at any time convey to any one an exclusive right to occupy in perpetuity any part of a public street which will bar the representatives of
 
 *178
 
 the city at a later date from making a different public use of that same part of the street, do not control in this case. The city is not seeking here to use this same space in the street for the construction therein of another and different public improvement necessary to supply a public necessity and convenience.
 

 The city is attempting, in effect, to authorize and command one public utility company, the street car company, now operating in the street, to relocate and use its property in a position and manner which must inevitably completely destroy the property of another public utility company, the telephone company, whose rights in the street are at least equal to the rights of the street car company therein. The action of the city in this regard must, in law, be held to be arbitrary, unreasonable, and not in accord with good conscience.
 

 The facts in this case which are not in dispute amply sustain the decisions of the trial and appellate courts.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.