OPINION
Appellant, the Cincinnati Bell Telephone Company ("Bell"), appeals a declaratory judgment in favor of appellee, One Seventy-Seven West ("177 West"), a partnership. The Butler County Court of Common Pleas concluded that Bell was obligated to relocate at its own expense telephone lines and poles along a recently widened road.
In 1988, 177 West reached an agreement with the city of Hamilton to begin work on 177 West's "Gunn Eden" development project. As part of that agreement, Hamilton required 177 West to widen a portion of Gardner Road bordering the Gunn Eden project. The city subsequently ordered Bell to relocate its telephone poles and lines to accommodate the widened road. Bell agreed to relocate its equipment, but refused to pay the associated expenses.[1]
On May 23, 1995, the city of Hamilton and 177 West filed an amended complaint for declaratory judgment seeking a ruling that Bell was required to relocate its equipment at its own expense. Bell filed an answer to the amended complaint on June 27, 1995. On April 18, 1996, Hamilton dismissed its complaint against Bell; the city is no longer a party in this action. After several months of discovery, 177 West filed a motion for summary judgment. Bell responded with its own motion for summary judgment. On July 9, 1996, the trial court granted 177 West's motion for summary judgment and denied Bell's motion.
On appeal, Bell sets forth two assignments of error. In its first assignment of error, Bell argues that it has a property interest in the road easement where its telephone poles are located and is entitled to compensation for a taking or diminishing of that property interest. Under its second assignment of error, Bell argues that summary judgment to 177 West was inappropriate because genuine issues of material fact demonstrate that the road widening was for a private, not public, purpose.
Bell installed its telephone poles within the roadway easement on Gardner Road in 1951 pursuant to a 1903 Butler County resolution. That resolution granted Bell's predecessor permission to build and maintain its poles and wires
 along all the public highways, turnpike roads, county roads and roads under the control of the Board * * * and occupy the same * * * for telephone and telegraph purposes, forever, upon the following terms and conditions:
 First. Said poles shall be erected under the supervision and direction of the County Engineer, and to the satisfaction of the Board of County Commissioners of Butler County, Ohio, and shall be located along the sides of the roadways in such a manner as not to interfere with the use of the roadway, the drainage thereof, or with the abutting property.
(Emphasis added.)
Under its first assignment of error, Bell argues that this resolution created a property right in the road easement and that it is entitled to reimbursement as a matter of law for expenses associated with the relocation of its equipment. One Seventy-Seven West argues that the public utility did not acquire any right to a permanent or fixed location when it chose to locate its poles and wires within the roadway easement. One Seventy-Seven West is correct.
Bell is not entitled to compensation for the relocation of its telephone equipment as a matter of law. See Chicago, B. Q. RR. v. Chicago (1897), 166 U.S. 226, 255, 17 S.Ct. 581, 592
("Uncompensated obedience to a regulation enacted for the public safety under the police power of the state is not a taking or damaging without just compensation of private property, or of private property affected with a public interest"). The federal Sixth Circuit Court of Appeals has rejected similar arguments in the past. The federal court has stated:
 [T]he law is well established that a statutory, permissive right of use of public highways by public utilities is subordinate to the rights of the public; that the original location of poles or other facilities in a public highway does not create an irrevocable right to have such poles and facilities remain forever in the same place; and that a utility company may be required to relocate its lines at its own expense when such relocation is demanded by public necessity and for public safety and welfare.
Tennessee v. United States (1958), 256 F.2d 244, 258 (citations omitted) (emphasis added). See, also, Ganz v. Ohio Postal Telegraph Cable Co. (C.A. 6, 1905), 140 F. 692 (telegraph company's use of highway to facilitate communication is subordinate to the public's use of the highway for travel and transportation); Michigan Tel. Co. v. Charlotte (W.D.Mich. 1899), 93 F. 11 (contract between city and utility is subject to incidental modification resulting from legislation serving the public interest).
Bell cites Cincinnati v. Cincinnati Suburban Telephone Co. (1931), 123 Ohio St. 174, to support its argument that it is entitled to compensation as a matter of law. In Cincinnati 
Suburban Telephone Co., the telephone company had agreed with the city of Cincinnati to place its telephone lines and equipment in permanent conduits under a particular street. The city later ordered a streetcar company to relocate tracks from the center of the street to the sides of the street. All parties acknowledged that the proposed relocation would destroy the telephone company's equipment because of streetcar vibration. The supreme court concluded that "[t]he action of the city in this regard must, in law, be held to be arbitrary, unreasonable, and not in accord with good conscience." Id. at 178.
Cincinnati Suburban Telephone Co. is readily distinguishable, however. An obvious distinguishing characteristic is that the city was a party in Cincinnati Suburban Telephone Co., but the city is not a party in this case. Moreover, in reaching its conclusion, the supreme court emphasized that the city and the telephone company intended for the placement of the underground lines to be permanent when the improvement was made. Id. at 177. The supreme court also emphasized that "[t]he city is not seeking here to use this same space in the street for the construction therein of another and different public improvement necessary to supply a public necessity and convenience." The court concluded that the city was instead authorizing one public utility to relocate its property in a manner that would completely destroy the property of another utility. Id. It was this action that the supreme court determined "to be arbitrary, unreasonable, and not in accord with good conscience." Id.
Cincinnati Suburban Telephone Co. simply does not support Bell's argument that it is entitled to compensation for the city's order to move its telephone equipment as a matter of law. Instead, the reasoning in Tennessee v. United States,256 F.2d 244, and similar cases support the trial court's decision to deny Bell's motion for summary judgment. Bell's first assignment of error is overruled.
Bell complains under its second assignment of error that summary judgment in favor of 177 West was inappropriate. This court disagrees.
Bell complains that disputed facts exist as to the public or private nature of the road widening project. The central question here, however, is whether Hamilton could order Bell to move its equipment to accommodate the road widening without compensation. That issue depends on whether the city acted arbitrarily or unreasonably. See Cincinnati Suburban Telephone Co.,123 Ohio St. at 178.
It is undisputed that Gardner Road is a public road. It is also undisputed that the city of Hamilton ordered Bell to relocate its equipment to accommodate the road widening. The city, however, is not a party in this action. The trial court did not err in granting summary judgment to 177 West. Bell's second assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Bell agreed to move its poles in exchange for a letter of credit from 177 West for about $34,000. According to the agreement, Bell can draw on the letter if a court determines that Bell was not required to move its poles at its expense.